IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL TAYLOR,  )  <br> Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> UNIT MANAGER SANTOS, *et al.*,  ) <br> Defendants.  ) | Civil Action No. 7:23-cv-00608 <br><br> By: Elizabeth K. Dillon <br> United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Daniel Taylor, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl, Dkt. No. 1.) He has not paid the filing fee but has sought leave to proceed *in forma pauperis*.

Based on court records, it is clear that at least three of Taylor's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Taylor may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, discussed in more detail herein, the court will dismiss the complaint in its entirety.

Taylor's claims arise from when he was incarcerated at the Wallens Ridge State Prison. Taylor's allegations refer to an "incompatible housing arrangement" and a request to transfer to a different cell, which was denied. (Compl. at 6.) Taylor complains that his "cell move form" was ignored, and he pursued a grievance. (*Id.* at 8.) Taylor's allegations further state that the other

---

[1] The cases are *Taylor v. Ely*, 7:20-cv-446 (W.D. Va. Sept. 30, 2020), *Taylor v. Fleming*, 7:17-cv-99 (W.D. Va. Nov. 13, 2020), and *Taylor v. Manis*, 7:20-cv-121 (W.D. Va. Feb. 11, 2021).

occupant of his cell is a "homosexual deviant" who tried peeking at Taylor when he dressed or used the bathroom. (*Id.* at 9.) Finally, Taylor refers to an assault that occurred in September, but he provides no details about the alleged incident. (*Id.* at 11–12.) Taylor attaches grievance forms that make the same or similar allegations about his cell mate. (Dkt. No. 1-1.) He appears to claim that the issues with his cell mate have caused him to have heart problems. Taylor references chest pain and the need for an EKG. (*Id.* at 3, 16.)

Taylor's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). The "imminent danger" must "exist contemporaneously when the action is filed," *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022), as "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Taylor has not alleged that he was assaulted by his cell mate, and even if there was an assault, Taylor has not alleged that the threat is ongoing or contemporaneous to the filing of this action. Nor has he alleged a threat of serious physical injury. Also, Taylor has had access to health care. *See* Dkt. No. 1-1 at 3 (placing Taylor on nursing sick call in response to request for EKG and scan for chest pain). When a three-striker inmate's allegations "reflect that he has had access to medical care and he simply disagrees with the opinions of the medical personnel who have examined and treated him, he fails to satisfy the

imminent danger requirement of § 1915(g)." *Allen v. Mullins*, Civil Action No. 7:22cv00619, 2023 WL 6389809, at *4 (W.D. Va. Sept. 29, 2023) (collecting cases).

As Taylor has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate order will be entered.

Entered: October 12, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge