IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL TAYLOR,  )<br>    Plaintiff,  )<br>)<br>v.  )<br>)<br>UNIT MANAGER SANTOS, *et al.*,  )<br>    Defendants.  ) | Civil Action No. 7:23-cv-00608<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Taylor, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The court issued an opinion and order dismissing this case on October 12, 2023. (Dkt. Nos. 3, 4.) Taylor filed a notice of appeal that was docketed on November 20, 2023. (Dkt. No. 5.) The appeal has been docketed in the court of appeals. (Dkt. Nos. 6, 7.) On November 27, Taylor filed a motion for an extension of time, which the court construes as a motion to extend the time to file an appeal. *See* Fed. R. App. P. 4.

Taylor was afforded thirty days from the entry of judgment to file an appeal. Fed. R. App. P. 4(a)(1)(A). Taylor's appeal appears to be untimely, as it was docketed more than thirty days after the entry of judgment.[1] The district court may extend the time to file an appeal if the party moves no later than thirty days after the time prescribed by the rule, and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). No extension may exceed thirty days after the prescribed time or fourteen days after the date of the order granting the motion is entered, whichever is later. Fed. R. App. P. 4(a)(5)(C).

Taylor's motion states that he did not receive the court's judgment until October 16. (Dkt. No. 8.) Taylor also states his prison has been on lockdown, and the officers have not been

---

[1] The notice of appeal does not include a date or a certificate of mailing, and the postmark on the envelope is illegible.

collecting mail from the door at his bed assignment. Taylor does not provide any other details about the lockdown, such as a range of dates during which mail was or was not collected. Under these circumstances, and with such little information, the court must conclude that Taylor has not established good cause for his failure to timely file his appeal. Taylor admits that he received the court's order on October 16, leaving him with more than three weeks to file his appeal in a timely manner, and Taylor has not demonstrated how the prison lockdown prevented him from accomplishing this task. *See Breedlove v. Braggs*, Case No. CIV 16-356-JHP-KEW, 2020 WL 247486, at *3 (E.D. Okla. Jan. 16, 2020) (denying motion for extension pursuant to Rule 4(a)(5)(A) based on prison lockdown). Further, mere ignorance of the rules governing appellate procedure is insufficient to show good cause or excusable neglect. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

For these reasons, it is HEREBY ORDERED that Taylor's motion for an extension of time to file an appeal (Dkt. No. 8) is DENIED. The Clerk is directed to transmit a copy of this order to Taylor.

Entered: December 1, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge