IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DANIEL TAYLOR, ) | | |
|    Plaintiff, ) | Civil Action No. 7:23-cv-00608 | |
| ) | | |
| v. ) | | |
| ) | By: Elizabeth K. Dillon | |
| UNIT MANAGER SANTOS, *et al.*, ) | United States District Judge | |
|    Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Daniel Taylor, a Virginia prisoner proceeding *pro se*, has filed a motion for reconsideration of the court's order dismissing this case. (Dkt. No. 10.) The court's dismissal order was docketed on October 12. (Dkt. Nos. 3, 4.) Taylor filed a notice of appeal on November 20, which has been docketed in the Fourth Circuit (Dkt Nos. 5–7); Taylor's motion for reconsideration was subsequently filed on December 4. Because Taylor's motion to reconsider was filed after he filed his notice of appeal, the court lacks jurisdiction to consider Taylor's motion. *See United States v. DeBolt*, Criminal Action No. 5:09CR24, 2011 WL 13371126, at *1 (N.D.W. Va. Mar. 17, 2011) (recognizing the "general rule regarding the district court's jurisdiction . . . that the filing of a notice of appeal transfers jurisdiction over the matter from the district court to the court of appeals" and dismissing motion for reconsideration for lack of jurisdiction because "the defendant's motion to reconsider was filed after the notice of appeal") (citing *United States v. Christy*, 3 F.3d 765, 767 (4th Cir. 1993)).[1]

---

[1] Recently, the court addressed and denied Taylor's motion for an extension of time to file an appeal, which was also filed after Taylor filed his notice of appeal. (Dkt. Nos. 8, 9.) The notice of appeal did not divest the court of jurisdiction to consider that motion. *See* Fed. R. App. P. 4(a)(5)(A) (providing that the district court may extend the time to file a notice of appeal if the party moves no later than 30 days after the prescribed time expires). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case *involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (emphasis added); *see also Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988) (recognizing that when an appeal is pending, the district court retains jurisdiction to determine matters that are "uniquely separable" and collateral to the issues involved in the appeal).

For these reasons, it is HEREBY ORDERED that Taylor's motion for reconsideration (Dkt. No. 10) is DISMISSED for lack of jurisdiction. The Clerk is directed to transmit a copy of this order to Taylor.

Entered: December 6, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge